UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| Brenda Winter, <br><br> individually and on behalf of all others similarly situated, <br><br>Plaintiff, <br><br><br><br><br><br>   -v.- <br><br>Debtsy, Inc., <br><br>Crown Asset Management, LLC, <br><br>Defendants. | Civil Action No: 3:22-cv-1893 <br><br>**CLASS ACTION COMPLAINT** <br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Brenda Winter, (hereinafter, "Plaintiff"), an Illinois resident, brings this Class Action Complaint by and through her attorneys, against the Defendant Debtsy, Inc. (hereinafter "Defendant Debtsy") and the Defendant Crown Asset Management, LLC (hereinafter "Defendant Crown") (collectively, "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal

1

bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). After determining that the existing consumer protection laws ·were inadequate, Id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Illinois consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Illinois, County of Saline.

8. Defendant Debtsy is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 130 West 25th Street 6C, New York, NY 10001 and is registered to accept service of process at c/o National Registered Agents, Inc., 208 South La Salle Street, Suite 814, Chicago, Illinois 60604.

9. Upon information and belief, Defendant Debtsy is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Crown is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 3100 Breckinridge Boulevard, Suite 235, Duluth, Georgia 30096 and is registered to accept service of process at c/o C T Corporation System, 208 South La Salle Street, Suite 814, Chicago, Illinois 60604.

11. Upon information and belief, Defendant Crown is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individuals with addresses in the State of Illinois;

    b. to whom the Defendant Debtsy sent an initial collection letter attempting to collect a consumer debt;

    c. on behalf of the Defendant Crown;

    d. that misleadingly states that the consumer can dispute the alleged debt orally to be effective;

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g.

17. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form **attached as Exhibit A**, violate 15 §§ l692e and 1692g.

   c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

   e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs numbered above with the same force and effect as if the same were set forth at length herein.

22. Some time prior to August 17, 2021, an obligation was allegedly incurred to non-party original creditor, Citibank, N.A. ("Citi").

23. The Citi obligation arose out of transactions incurred by the Plaintiff to Citi in which money, property, insurance, or services, which are the subject of the transactions, were incurred primarily for personal, family or household purposes. Specifically, a Citi Simplicity credit card.

24. The alleged Citi obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. Citi is a "creditor"(s) as defined by 15 U.S.C.§ 1692a(4).

26. Citi purportedly sold the alleged debt to the Defendant Crown, who contracted with the Defendant Debtsy to collect the alleged debt.

27. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

28. Defendant Crown has policies and procedures in place that govern the Defendant Debtsy's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing the Defendant Crown's control over the Defendant Debtsy's collection practices.

29. By virtue of the relationship between the two Defendants, Defendant Crown exercised control over the Defendant Debtsy while the latter was engaged in collecting the subject debt on behalf of the former.

30. Therefore, Defendant Crown should be held vicariously liable for any and all violations committed by the Defendant Debtsy.

*Violations – August 17, 2021 Collection Letter*

31. On or about August 17, 2021, Defendant Debtsy sent the Plaintiff a collection letter (the "Letter") on behalf of the current owner of the debt, Defendant Crown. **See Letter attached hereto as Exhibit A.**

32. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as a "G notice," which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector <u>in writing</u> within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's <u>written</u> request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

(emphasis added)

33. The Letter contains the G-Notice and states in pertinent part:

> Unless you dispute said debt, or any portion thereof, within 30 days after your receipt of this letter, we shall assume the validity of this debt. Upon your written notification within such 30-day period that this debt, or any portion thereof, is disputed, we shall obtain verification of the debt or a copy of a judgment, if any, against you and send you a copy of such verification or judgment. Furthermore, upon your written request within said 30-day period, we shall provide you with the name and address of the original creditor, if different from Crown Asset Management, LLC.

34. The Letter further states: "We *encourage* you to visit our website to pay the debt, dispute the debt, request debt validation, or learn more information about the account." (emphasis supplied)

35. Following that is a key with a bolded, outlined box that contains the PIN to be used on the website portal.

36. Immediately below that, the Letter states, "You may also send a letter to Debtsy, Inc., 4 East 27th Street, PO Box 20099, New York, NY 1001-9998, call us at (866) 300-1169, or email us at contact@debtsy.com. Please include your PIN in all written communications."

37. The Letter states that the Plaintiff can dispute by "written notification," which could reasonably be understood to mean by a letter sent from the Plaintiff to the Defendant.

38. Yet, the Letter "encourages" the Plaintiff to visit the website and dispute the debt or request the validation, which implies that disputes can be made online and not through writing, contradicting the earlier statement that written notification was necessary for a dispute.

39. It is confusing and contradictory to state that a dispute must be written, yet also state that disputes can be made online, without clarifying.

40. The Letter fails to state to state or explain if a dispute made online will unlock the same rights as a dispute made through writing.

41. This contradiction overshadows the Plaintiff's debt validation rights under the FDCPA because the Letter fails to clarify whether the online dispute system will satisfy the written notification requirement of the statute.

42. Moreover, the Letter violated the FDCPA because it conveys the validation notice in such a way that it emphasizes one method of disputing the debt – web portal disputes, via bolded font, within a bolded outlined box, attracting the eye with a different form of text[1] – and therefore deceptively fails to convey those certain rights would be lost if the least sophisticated consumer elects to dispute the debt online.

43. Further confusing and misleading is the Defendant Debtsy's statement that the Plaintiff may send a letter, call the Defendant Debtsy, or email the Defendant Debtsy.

---

[1] Likewise, the web portal is also emphasized at the very top of the Letter, this time with a different color font and a different color background than the rest of the text.

44. Based on the way in which these options are presented, Defendant Debtsy implies that a letter or phone call would be equally effective with regards to a dispute and/or invocation of validation rights, which is simply not true.

45. The Letter is additionally deceptive and overshadowing because it offers the option to call the Defendant Debtsy specifically in the context of disputing the debt, which clearly puts the least sophisticated consumer at risk of relinquishing certain key validation rights under §1692g(a).

46. This is a false statement and contradicts the rights contained in the G-Notice.

47. Under the required guidelines of the FDCPA, the consumer must (1) dispute the debt <u>in writing</u> to receive verification of the debt and (2) must submit a <u>written</u> request to receive the identity of the original creditor. §§1692g(a)(4) and 1692g(a)(5).

48. Therefore, the statement implied in the Letter that disputes (with invocation of validation rights) can be made orally contradicts the requirements of the G-Notice and makes it unclear to the consumer whether all disputes can be made orally or need to be in writing.

49. This false and inaccurate portion of the Letter is deceptive and misleading because it fails to advise the Plaintiff of the proper method for exercising her validation rights under the FDCPA.

50. Plaintiff sustained an injury because she was not fully apprised of her rights and responsibilities necessary to properly exercise her options under §1692g. Specifically, that in order to preserve key rights under §1692g, a debtor must dispute the debt in writing.

51. Plaintiff effectively waived her rights to this statutorily available information because she was not properly informed of the G-Notice requirements set forth in the FDCPA.

52. Plaintiff was therefore unable to straightforwardly dispute the debt resulting in wasted time.

53. For the foregoing reasons, Plaintiff was unable to evaluate her options of how to handle this debt.

54. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

55. Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

56. Plaintiff has suffered emotional distress, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep, because of the Defendants' deceptive misrepresentations concerning the requirements of §§1692g(a)(4) and (5) in omitting the requirement that the consumer must dispute or request information <u>in writing</u> as required under the FDCPA.

57. Plaintiff has suffered wasted time and annoyance because of the Defendants' deceptive misrepresentations concerning the requirements of §§1692g(a)(4) and (5) in omitting the requirement that the consumer must dispute or request information <u>in writing</u> as required under the FDCPA.

58. Plaintiff has expended, and continues to expend, time and money because of the Defendants' deceptive misrepresentations concerning the requirements of §§1692g(a)(4) and (5) in omitting the requirement that the consumer must dispute or request information <u>in writing</u> as required under the FDCPA.

59. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

60. The harms caused by the Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

61. As it relates to this case, the common-law analogues are to the traditional torts of misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation, negligent infliction of emotional distress, and fraud.

62. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

63. Plaintiff is entitled to receive a straightforward G-Notice as required by the FDCPA.

64. Defendants failed to effectively inform the Plaintiff of this information, and in fact, attempted to overshadow it in violation of the law.

65. These violations by the Defendants were knowing, willful, negligent and/or intentional, and the Defendants did not maintain procedures reasonably adopted to avoid any such violations.

66. Defendants' collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

67. Defendants' deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendants' collection efforts because the Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

68. Defendants' actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendants' debt collection.

69. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the Letter to her detriment.

70. Because of the Defendants' actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

71. Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

72. As a result of the Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

73. Plaintiff repeats, reiterates and incorporates the allegations contained in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

74. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

75. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

76. Defendants violated said section by making false and misleading representations, as set forth in detail above, in violation of §1692e(10).

77. On account of the fact that the Defendants' conduct violated Section 1692e et seq. of the FDCPA, Defendants are liable to the Plaintiff for actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

78. Plaintiff repeats, reiterates and incorporates the allegations contained in in the foregoing paragraphs with the same force and effect as if the same were set forth at length herein.

79. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

80. Pursuant to 15 U.S.C. §1692g, when a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice, known as the "G Notice," which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

81. Defendants violated this section by deceptively misrepresenting the requirements of §§1692g(a)(4) and (5) in omitting the requirement that the consumer must dispute or request information <u>in writing</u> as required under the FDCPA.

82. Plaintiff sustained an injury because she was wrongfully misinformed that she need not dispute the debt in writing.

83. Plaintiff was harmed because she was misled into believing that she was not required to dispute her debt in writing.

84. On account of the fact that the Defendants' conduct violated Section 1692g et seq. of the FDCPA, Defendants are liable to the Plaintiff for actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

85. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Brenda Winter, individually and on behalf of all others similarly situated demands judgment from the Defendant Debtsy and the Defendant Crown as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 17, 2022	Respectfully Submitted,

**Stein Saks PLLC**
s/ Yaakov Saks
By: Yaakov Saks, Esq.
One University Plaza
Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
ysaks@SteinSaksLegal.com
*Attorneys for Plaintiff*