IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRENDA WINTER, Individually and on Behalf of all Others Similarly Situated,<br><br>  Plaintiff,<br><br>v.<br><br>DEBTSY, INC., CROWN ASSET MANAGEMENT, LLC,<br><br>  Defendants. | Case No. 22-cv-01893-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Pending before the Court is a Motion to Dismiss filed jointly by defendants Debtsy, Inc. ("Debtsy") and Crown Asset Management, LLC ("Crown") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 9). For the reasons set forth below, the Court **DENIES** the Motion to Dismiss in its entirety.

## FACTUAL BACKGROUND

The following facts are taken from Brenda Winter's ("Winter" or "Plaintiff") complaint and are accepted as true for the purposes of Defendants' motion to dismiss. FED. R. CIV. P. 10(c); *See Barwin v. Vill. of Oak Park*, 54 F.4th 443, 453 (7th Cir. 2022).

The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692(a) was enacted in 1977 in response to "abundant evidence of the use of abusive, deceptive, and unfair collection practices by many debt collectors" (Doc. 1, ¶ 1). In addition to

eliminating abusive debt collection practices, the FDCPA also gave consumers a private cause of action against debt collectors who fail to comply with the Act (*Id.*, ¶ 2).

Winter is a resident of Saline County, Illinois (*Id.*, ¶ 7). At some point prior to August 17, 2017, she incurred an obligation to non-party original creditor, Citibank, N.A. ("Citi"), as a result of transactions on a Citi Simplicity Card (*Id.*, ¶ 22, 23). Pursuant to the FDCPA, the Citi obligation incurred by Winter is a "debt" and Citi is a "creditor" (*Id.*, ¶ 24, 25). Debtsy and Crown are both "debt collectors" under the FDCPA who collect debts due another (*Id.*, ¶ 8-11). Under the FDCPA, a debt collector must provide written notice, known as a "G Notice", to consumers from whom it seeks to collect a debt (*Id.*, ¶ 32).

Citi purportedly sold the debt to Crown, who contracted its collection with Debtsy (*Id.*, ¶ 26). Crown has policies in place that govern Debtsy's debt collection practices (*Id.*, ¶ 28). Accordingly, Winter claims there is a vicarious relationship between Crown and Debsty wherein Crown exercised control over Debtsy (*Id.*, ¶ 29).

Winter received a letter in the mail from Debtsy dated August 17, 2021 regarding the alleged debt that Winter had incurred to Citibank, N.A. (*Id.*, ¶ 22, 26, 31). Said letter purportedly contained the "G notice" and is attached to the Complaint as Exhibit A (Doc. 1-1). The letter stated that plaintiff could dispute the debt via "written notification", but also encouraged plaintiff to visit the website (Doc. 1, ¶¶ 33-38). The letter does not advise that one form of communication is preferred over any other nor does it distinguish the proper method for disputing a debt, whether orally or in writing (*Id.*, ¶¶ 42-44).

## PROCEDURAL BACKGROUND

On August 16, 2022, Winter filed her two (2) count complaint against Debtsy and Crown alleging claims under Sections 1692e and 1692g of the FDCPA (Doc. 1). Winter attached a letter to her complaint and refers to said letter throughout, claiming that it misrepresented how to dispute an outstanding debt and that, although the letter purportedly contained the G-Notice required under the FDCPA, said notice "deceptively misrepresent[ed] the [debtor's] requirements" for a written dispute of the debt (*Id.,* ¶¶ 80, 81). Specifically, Winter claimed that (1) Debtsy's debt collection efforts towards her violated 15 U.S.C. §1692e by making false and misleading representations (*Id.,* ¶¶ 73-77); and, (2) Debtsy violated 15 U.S.C. §1692(g) by deceptively misrepresenting the requirements of §1692(g)(4) & (5) (*Id.,* ¶ 78-84). She further contends that she suffered harm due to her being misled into believing she was not required to dispute her debt in writing (*Id.,* ¶¶ 49-58, 82, 83).

On September 14, 2022, in lieu of an answer, defendants filed a joint motion to dismiss for failure to state a claim along with a supporting memorandum of law (Docs. 9, 10). Within them, defendants assert two main arguments in support of dismissal. First, defendants argue that Debtsy's letter to Winter is neither false nor misleading, nor does it overshadow plaintiff's FDCPA rights in violation of § 1692e (Doc. 10). Second, defendants contend the letter complied with the notice requirements under the FDCPA and informed Winter of her rights and duties (*Id.*). Finally, defendants also raise "Regulation F"; which was introduced by the Consumer Financial Protection Bureau; however, because said regulation became effective *after* Debtsy sent the letter to plaintiff, this Court does not consider it relevant to this motion (*Id.*).

On November 16, 2022, Winter filed a memorandum in opposition of the motion to dismiss wherein she refutes each of defendants' assertions (Doc. 14, pp. 5-17). Winter also reiterates that the letter's offer to call Debtsy to dispute the debt overshadowed her validation rights (*Id.*).

## LEGAL STANDARD

In addressing a motion to dismiss for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must assess whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "Plausibility is not a symptom for probability in this context but asks for more than a sheer possibility that a defendant has acted unlawfully." *West Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

The Court of Appeals for the Seventh Circuit has clarified that courts must approach Rule 12(b)(6) motions by construing the complaint in the light most favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009), cert. denied, 558 U.S. 1148 (2010) (*quoting Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Under this standard, a plaintiff who seeks to survive a motion to dismiss must "plead some facts that suggest a right of relief that is beyond speculative level." *In re marchFIRST Inc.*, 589 F.3d 901, 905 (7th Cir. 2009).

## DISCUSSION

**I.     Section 1692e(10)**

In general, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. §1692e. Furthermore, the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer is a violation of the FDCPA. 15 U.S.C. §1692e(10).

To adequately plead a violation of §1692e(10), a plaintiff must allege that she received a communication from a debt collector in connection with the collection of a debt that was false, deceptive, or misleading. *See* 15 U.S.C. § 1692e(10). The alleged false misrepresentations must also be material. *Hahn v. Triumph P'ships, LLC*, 557 F.3d 755, 758 (7th Cir. 2009). This requisite analysis is fact-intensive, regarding how a consumer perceives the letter. *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 759 (7th Cir. 2006).

**II.    Section 1692g**

According to the FDCPA, when a debt collector solicits payment from a debtor, it must provide the debtor, in this case, Winter, within five days of an initial communication, a written "G-notice." *See* 15 U.S.C. §1692g(a). In the "G-notice", the creditor must include the following:

1. The amount of the debt;

2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

4. A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." 15 U.S.C. §1692g.

Additionally, a debtor must notify the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, and a debtor must request, in writing within the thirty-day period, the name and address of the original creditor, if different from the current creditor. 15 U.S.C. §1692g(4) & (5). If the debtor successfully notifies the debt collector according to §1692g(4) or (5), the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. *Id.* If a debtor fails to successfully dispute the debt within the 30-day window, the debt is deemed valid. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor. 15 U.S.C. §1692(g)(6).

### III. Unsophisticated Consumer

The Seventh Circuit applies an unsophisticated consumer test in analyzing whether a violation of the FDCPA occurred. *Lox v. CDA, Ltd.,* 689 F.3d 818, 822 (7th Cir. 2012). In other words, "[i]f a statement would not mislead the unsophisticated

consumer, it does not violate the FDCPA—even if it is false in some technical sense." *Woods v. LVNV Funding, LLC*, 27 F.4th 544, 550 (7th Cir. 2022). An "unsophisticated consumer", while "uninformed, naïve, or trusting," is assumed to "nonetheless possess reasonable intelligence, basic knowledge about the financial world, and is wise enough to read collection notices with added care." *Degroot v. Client Servs.*, 977 F.3d 656, 660 (7th Cir. 2020). The unsophisticated consumer test is objective and "disregards 'bizarre' or 'idiosyncratic' interpretations of collection letters." *Id*.

Whether a debt collector's notice would be confusing to an unsophisticated consumer is a question of fact, and typically not available for dismissal under 12(b)(6). *See McMillan*, 455 F.3d at 758-59; *see also Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 776 (7th Cir. 2007). There can be exceptions to that rule; however, the Seventh Circuit has held that when a complaint alleges that a collection letter is confusing and in violation of §1692g, the plaintiff has stated a recognizable legal claim; no more is necessary to survive a Rule 12(b)(6) motion. *Id.* at 758-759 ("a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion").

**IV. Analysis**

In this case, Debtsy sent a letter to Winter, which was clearly a communication regarding a debt. The letter indicated the amount of debt and the creditor of said debt in compliance with the G-Notice; however, can the same be said for the other requirements? Accordingly, this Court's focus must be on whether said communication would be false or misleading to an unsophisticated consumer.

Winter claims the letter was confusing. Specifically, she points out that the letter states she can dispute by "written notification", but also encourages her to visit the website and dispute the debt or request debt validation. Furthermore, the letter also invites debtors to send a letter, call, or email Debtsy regarding the debt, but there is no disclaimer or instruction about the effect these actions would have on her rights. Winter also contends the letter was deceptive and misleading in that she was not sure if a visit to the website to dispute the debt or a phone call was sufficient to contest the debt. Indeed, the letter itself does not contain any disclaimer about the debt validation rights in relation to the invitation to visit the website to handle the debt and does not explain whether the options listed on the website would waive or, on the contrary, suffice a "written validation" under the statute.

As set forth *infra,* the Seventh Circuit treats confusion under §1692g as a question of fact and there need only be a set of facts alleged consistent with the pleadings under which the plaintiff could obtain relief. *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F.Supp.3d 773, 778-79 (S.D. Ind. 2016) (citing *McMillan*, 455 F.3d at 758). Accordingly, a Rule 12(b)(6) dismissal is only proper if a court finds that *no* unsophisticated consumer could find the letter to be deceptive or misleading. *See Ruth v. Triumph P'Ships*, 577 F.3d 790, 800 (7th Cir. 2009) (emphasis added); s*ee also Aker v. Bureaus Investment Group Portfolio No. 15 LLC*, 2014 WL 4815366, at *5 (N.D. Ill. Sept. 29, 2014) ("a defendant's motion to dismiss an FDCPA claim may granted only if "the allegedly offensive language is plainly and clearly not misleading").

Winter is presumed to be an unsophisticated consumer, as nothing in the record indicates she has any sort of working knowledge in the FDCPA or other debt collection regulations, rights, or strategies. As an unsophisticated consumer, it can be reasonably construed that a visit to the website, a letter, or a phone call would all be effective as an invocation of the FDCPA rights. The Court cannot say that the options set forth by the letter, without an indication of the effect on a debtor's statutory rights, are *in no way* misleading to an sophisticated consumer. As such, it is sufficiently plausible that the invitations to communicate with Debtsy without the other context can be misleading.

Winters allegations that the statements in the letter are confusing, contradictory, and overshadow her validation rights under the FDCPA are enough. The statements do not clarify whether the "dispute" made online, or even over the telephone, will unlock the same rights as one made through writing. Moreover, the language and format of the letter can be construed as deceptive and failing to convey that certain rights would be lost if she disputed the debt online (or via phone call). Clearly, an unsophisticated consumer could be confused and misled when "encouraged" to visit the website. Indeed, the last paragraph, which states in pertinent part, "You may also send a letter to Debtsy, Inc. ..., call us at ..., or email us at ..." puts the least sophisticated consumer at risk of relinquishing their validation rights.

In the motion, the defendants argue that the letter did not mislead or overshadow plaintiff's FDCPA rights because the Consumer Financial Protection Bureau allows debt collectors to invite consumers to submit disputes electronically, they cannot know exactly what went thru Winter's mind when she read the letter. Additionally, defendants' claim that plaintiff's interpretation of the letter was bizarre, peculiar,

and/or idiosyncratic, which allows for dismissal if "a significant fraction of the population would [not] be … mislead" by the letter. *Taylor v. Cavalry Inv., L.L.C.,* 365 F. 3d 572, 575 (7th Cir. 2004). Nevertheless, this circuit has also held that so long as the plaintiff has stated a recognizable legal claim, no more is necessary to survive a Rule 12(b)(6) motion. *McMillan v. Collection Professionals, Incorporated,* 455 F.3d 754 (7th Cir. 2006). Brenda Winter has stated enough.

## CONCLUSION

For the reasons set forth above, this Court **DENIES** Defendants' Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6) in its entirety. Defendants are ORDERED to answer the Complaint within 21 days, or by May 12, 2023.

**IT IS SO ORDERED.**

**DATED: April 21, 2023**

/s/ Stephen P. McGlynn
**STEPHEN P. McGLYNN**
**U.S. District Judge**